IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CLOREATHEA DANIELS,** | : | |
| Petitioner | : | No. 1:18-cr-00201-5 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| Respondent | : | |

## MEMORANDUM

Before the Court is Petitioner Cloreathea Daniels ("Petitioner")'s motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 410) and her response (Doc. No. 412) to the Court's February 7, 2023 Order (Doc. No. 411) directing her to show cause why her § 2255 motion should not be dismissed as untimely. Because Petitioner's 2255 motion is time-barred, the Court is compelled to dismiss it.

**I.   BACKGROUND**

In June 2018, a federal grand jury returned an indictment charging Petitioner and five codefendants with, among other charges, conspiracy to distribute and possess with the intent to distribute crack cocaine, in violation of 21 U.S.C. § 841 (Count One). (Doc. No. 3.) About one year later, she entered into a plea agreement with the Government. (Doc. No. 96.) The plea agreement called for Petitioner to plead guilty to Count One of the Indictment. (Id.) At a change of plea hearing held before Magistrate Judge Schwab on September 16, 2019, Petitioner pleaded guilty to Count One, whereupon Magistrate Judge Schwab determined that Petitioner was fully competent to enter an informed plea and understood the consequences of her plea, that she was pleading guilty knowingly and voluntarily, and that the plea was supported by an independent basis in fact. (Doc. No. 132.) On the same date, Magistrate Judge Schwab recommended that the Court accept Petitioner's guilty plea to Count One, the statutory maximum sentence for

which is 240 months. (Id.) In February 2020, the Court accepted the plea agreement, sentenced Petitioner to forty-eight (48) months' imprisonment, and entered judgment. (Doc. No. 208.)

Petitioner was released on bail and scheduled to self-surrender to begin serving her sentence on March 6, 2020—however, for several reasons, including her medical conditions and various related appointments, the Court granted numerous extensions of her self-surrender date, which was ultimately extended to December 28, 2022. (Doc. Nos. 221, 223, 374, 378, 379–82, 388–89, 393–94, 398–99, 407.) In the interim, on April 2022, Petitioner filed a pro se Motion for Strict House Arrest (Doc. No. 386), which the Court deemed withdrawn for her failure to file brief in support of the motion, as required by Local Rule of Court 7.5 (Doc. No. 403). Though she filed that motion pro se, the Court had appointed her new counsel three days earlier. (Doc. No. 385.) Petitioner also filed, in November 2022, a pro se motion for motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), to which the Government responded, at the Court's directive, on November 15, 2022. (Doc. Nos. 402–03, 406.) Because Petitioner had not yet begun to serve her sentence, the Court concluded that it lacked the authority to consider her motion for compassionate release and denied the motion, but the Court did so without prejudice, stating: "[a]ssuming Petitioner makes a request to the BOP for compassionate release after she has begun serving her sentence and then exhausts her administrative remedies as required by the statute, the Court will have the opportunity to address the merits of her motion at that time." (Doc. No. 407 at 4–5.)

Petitioner self-surrendered on December 8, 2022, and in late January 2023—about three years after the Court sentenced her—Petitioner filed her pending § 2255 motion. (Doc. No. 410.) In her motion, Petitioner asserts a claim of ineffective assistance of counsel, principally arguing that her sentencing counsel failed to provide medical documentation demonstrating that

she should be released to strict house arrest in lieu of incarceration. (Doc. Nos. 410, 410-1.)

Because Petitioner did not file her § 2255 motion within one year of the date on which her judgment became final, the Court ordered her to show cause why her motion should not be dismissed as untimely under the one-year statute of limitations applicable to § 2255 motions. (Doc. No. 411.) Petitioner filed a response to the show-cause Order on March 6, 2023 (Doc. No. 412), asserting that she has cancer ("white matter on the brain") and suffered two strokes, one while confined at a federal prison facility (id.). The response also asserts that Petitioner's physician provided her with documented evidence of her medical conditions "in opposition to confinement," including the physician's recommendation that she be confined to strict house arrest. (Id. at 2.) Petitioner argues that her court-appointed attorney failed to file a brief in support of her pro se Motion for Strict House Arrest. (Id. at 3.) In light of these arguments, Petitioner asks that the Court to "have her motion ruled upon as filed"; "have her motion recharacterized as a Section 2255 motion and heard as such but lose the ability to file a second or successive petition absent certification by the court of appeals"; and "withdraw motion to file one all-inclusive Section 2255." (Id.)

On March 9, 2023, the Court directed the Clerk of Court to serve copies of Petitioner's § 2255 motion on the Government, and on the same date, the Government acknowledged receipt of the motion and the Court's Order directing the Government to respond to the § 2255 motion. (Doc. Nos. 413–14.) The Government filed a brief in opposition to Petitioner § 2255 motion on March 27, 2023. (Doc. No. 415.) In its opposition, the Government first notes that Petitioner's brother completed and signed the form order (AO 243) that Petitioner used to file her § 2255 motion. (Id. at 2) (citing Doc. No. 410 at 12). The Government further notes that the AO 243 form order indicates, under the signature line for the movant, that "[i]f the person signing is not

movant, state relationship to movant and explain why movant is not signing this motion." (Id.) (citing Doc. No. 410 at 12). The Government observes that Petitioner's brother, while indicating her relationship to Petitioner, did not explain why Petitioner did not sign the motion. (Id.) The Government also suggests, "without opining on the merits of such a motion, that the remedy" Petitioner seeks "is better suited for consideration pursuant to 18 U.S.C. § 3582(c)." (Id. at 4.)

## II.     LEGAL STANDARD

Section 2255(a) provides that a federal prisoner may file a motion requesting that the sentencing court vacate, set aside, or correct her sentence on the basis "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." See 28 U.S.C. § 2255(a). However, § 2255 does not afford a remedy for all errors that may have been made at trial or during sentencing. See United States v. Essig, 10 F.3d 968, 977 n.25 (3d Cir. 1993) (citing United States v. Addonizio, 442 U.S. 178, 185 (1979)). Rather, § 2255 is implicated only when the alleged error raises "a fundamental defect which inherently results in a complete miscarriage of justice." See Addonizio, 442 U.S. at 185.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petitioner has one year from the time her conviction becomes final to file a § 2255 motion. See 28 U.S.C. § 2244. The one-year limitations period begins to run from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented by making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made

retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

See id. § 2255(f).  Generally, the one-year limitations period begins to run on "the date on which the judgment of conviction becomes final."  See id. § 2255(f)(1).  In this context, a judgment of conviction becomes final on the date on which the time for filing a timely direct appeal expires. See Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999).

## III.    DISCUSSION[1]

In Petitioner's case, the Court imposed judgment of conviction and sentence on February 21, 2020.  (Doc. No. 208.)  She had fourteen (14) days to file a notice of appeal.  See Fed. R. App. P. 4(b)(1)(A)(i).  Because she did not file a notice of appeal, Petitioner's judgment of conviction became final on March 6, 2020.  See United States v. Carey, No. 1:08-cr-00435-1, 2015 WL 3752523, at *1 (M.D. Pa. June 16, 2015).  Therefore, Petitioner had one year from March 6, 2020, or until March 6, 2021, to file a timely § 2255 motion.  Petitioner did not file her pending § 2255 motion until almost two (2) years later, on January 30, 2023.  (Doc. No. 410.) Therefore, unless Petitioner is entitled to belated commencement of the limitations period under

---

[1] As indicated, supra, Petitioner requests to "have her motion ruled upon as filed"; to "have her motion recharacterized as a Section 2255 motion and heard as such but lose the ability to file a second or successive petition absent certification by the court of appeals"; and to "withdraw [the] motion to file one all-inclusive Section 2255" motion. (Doc. No. 412 at 3.) While these statements are irreconcilable, as the Court explained in its February 7, 2023 show-cause Order, although a § 2255 movant is ordinarily entitled to notice under United States v. Miller, 197 F.3d 644, 646 (3d Cir. 1999), in this case, providing that notice—and permitting Petitioner to elect whether to proceed on her § 2255 motion or take other action—would be "an exercise in futility" because not only is Petitioner's initial § 2255 motion, but, additionally, "any § 2255 motion . . . filed following Miller notice would be time-barred as well." See United States v. Chew, 284 F.3d 468, 471 (3d Cir. 2002).  Thus, Petitioner's statements regarding whether she elects to stand on her § 2255 motion as filed or take other action do not affect the Court's conclusion that her § 2255 motion should be dismissed as untimely.

5

§ 2255(f)(2)-(4), or equitable tolling, the motion is time-barred.  See generally Holland v. Florida, 560 U.S. 631 (2010); Ross v. Varano, 712 F.3d 784 (3d Cir. 2013).

      Neither Petitioner's § 2255 motion nor her response to the Court's Order directing her to show cause why this action should not be dismissed as untimely provide any basis upon which to conclude that her § 2255 motion is timely.  In Petitioner's § 2255 motion, where her form motion prompted her to explain why her motion is untimely, her brother stated that her prior attorney assured her that he would submit a request to the Court for strict house arrest based on her medical conditions.  (Doc. No. 410 at 11.)  In her response to the Court's Order directing her to show cause why her § 2255 motion should not be denied as untimely, Petitioner cites to her medical conditions and documentation relating to those conditions, to her prior attorney's failure to submit a post-conviction brief in support of her pro se Motion for Strict House Arrest, and to ineffective assistance of counsel claims relating to that motion and to her prior attorney's failure to submit medical documentation for the Court's consideration.  (Doc. No. 412.)  None of these circumstances demonstrate that Petitioner is entitled to a longer statute of limitations period based on § 2255(f) or equitable tolling.  She filed her pro se Motion for Strict House Arrest in late 2021, well after the one-year statute of limitations expired, and even then she was able to file not only that motion but also a motion for compassionate release, which demonstrates her ability to file submissions despite her medical conditions.  Relatedly, her brother filed her § 2255 motion, further demonstrating that Petitioner had the means to file a timely § 2255 motion.

      As to her ineffective assistance of counsel claims, moreover, Petitioner has not explained how those claims prevented or excused her from filing a § 2255 motion within one year of the date on which her judgment became final.  Indeed, as indicated above, Petitioner did not move for strict house arrest until late 2021, making any ineffective assistance related to that motion

irrelevant to the untimeliness of her § 2255 motion. Accordingly, the Court will dismiss her § 2255 motion.

## IV.   EVIDENTIARY HEARING

Section 2255(b) advises that a petitioner may be entitled to a hearing on her motion. The decision whether to hold a hearing is wholly within the discretion of the district court. See Gov't of V.I. v. Forte, 865 F.2d 59, 62 (3d Cir. 1989). Where the record affirmatively indicates that a petitioner's claim for relief is without merit, the claim may be decided on the record without a hearing. See Gov't of V.I. v. Nicholas, 759 F.2d 1073, 1075 (3d Cir. 1985). Here, the Court finds that "the motion and files and records of this case show conclusively that the movant is not entitled to relief." See United States v. Booth, 432 F.3d 542, 545 (3d Cir. 2005). Accordingly, the Court finds no reason to hold an evidentiary hearing in this matter.

## V.   CERTIFICATE OF APPEALABILITY

In proceedings brought under § 2255, a petitioner cannot appeal to the circuit court unless a certificate of appealability ("COA") has been issued. A court may not issue a COA unless "the applicant has made a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Here, the Court concludes that jurists of reason would not find the disposition of this case debatable, and the Court will not issue a COA.

## IV.    CONCLUSION

For the foregoing reasons, the Court will dismiss Petitioner's § 2255 motion (Doc. No. 410) as untimely.  The Court will not conduct an evidentiary hearing and will not issue a COA.  An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania
